QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Cole Malmberg (Bar No. 305250)
  colemalmberg@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

  Tigran Guledjian (Bar No. 207613)
  tigranguledjian@quinnemanuel.com
  Valerie Roddy (Bar No. 235163)
  valerieroddy@quinnemanuel.com
  Scott Florance (Bar No. 227512)
  scottflorance@quinnemanuel.com
  Jordan B. Kaericher (Bar No. 265953)
  jordankaericher@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FREE STREAM MEDIA CORP. d/b/a SAMBA TV,<br><br>                     Plaintiff,<br><br>      v.<br><br>ALPHONSO INC., ASHISH CHORDIA, RAGHU KODIGE, and LAMPROS KALAMPOUKAS,<br><br>                     Defendants. | Case No. 17-cv-02107-RS<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FREE STREAM MEDIA CORP.'S FIRST AMENDED COMPLAINT**<br><br>Date:     August 31, 2017<br>Time:    1:30 p.m.<br>Place:    Courtroom 3, 17th Floor<br>Judge:   Hon. Richard Seeborg |

**REQUEST FOR JUDICIAL NOTICE**

Defendants Alphonso, Inc. ("Alphonso"), Ashish Chordia, Raghu Kodige, and Lampros Kalampoukas (collectively, the "Individual Defendants" and, with Alphonso, "Defendants") respectfully request that the Court take judicial notice of the following documents cited in their Motion to Dismiss Plaintiff Free Stream Media Corp. d/b/a Samba TV's First Amended Complaint for Patent Infringement (ECF No. 166).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Courts may take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice is proper and available "at any stage of the proceeding," Fed. R. Evid. 201(d), including on a Rule 12(b)(6) motion to dismiss. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (allowing judicial notice of "matters of public record" on Rule 12(b)(6) motion to dismiss where the facts to be noticed are "not subject to reasonable dispute"); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (court may consider "matters of public record" subject to judicial notice on a motion to dismiss pursuant to Rule 12(b)(6) motion without converting the motion to a motion for summary judgment).

Defendants seek judicial notice of the following documents, which are judicially noticeable for the reasons set forth below:

1. Attached hereto as **Exhibit A** is a true and correct copy of U.S. Patent No. 9,386,356 (the "'356 patent"). *See* Declaration of Valerie Roddy, filed concurrently herewith ("Roddy Decl."), ¶ 2. The court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). "Patents are matters of public record and the proper subject of judicial notice." *X One, Inc. v. Uber Techs., Inc.*, No. 16-CV-06050-LHK, 2017 WL 878381, at *4 (N.D. Cal. Mar. 6, 2017) (internal citations omitted). Exhibit A is therefore judicially noticeable.

2. Attached hereto as **Exhibit B** is a true and correct copy of a Memorandum Opinion and Order filed March 29, 2017 in this action (ECF No. 125). *See* Roddy Decl. ¶ 3. "[A] court

may take judicial notice of its own records." *United States v. Author Servs., Inc.*, 804 F.2d 1520, 1422 (9th Cir. 1986), *overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997). Exhibit B is therefore judicially noticeable.

3. Attached hereto as **Exhibit C** is a true and correct copy of U.S. Provisional Patent Application No. 61/118,286. *See* Roddy Decl. ¶ 4. Attached hereto as **Exhibit D** is a true and correct copy of U.S. Patent No. 5,948,061. *Id.* ¶ 5. Attached hereto as **Exhibit E** is a true and correct copy of U.S. Public Patent Application No. 2006/0195860. *Id.* ¶ 6. Exhibits C, D, and E are publicly-available patent applications and a patent cited on the face of the '356 patent. The Court may take judicial notice of references cited on the face of the patent being challenged. *See, e.g.*, *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 61047, at *3 (N.D. Cal. Jan. 7, 2014) (courts may take "judicial notice of prior art references, patents, and file histories"); *Parker v. Kimberly-Clark Corp.*, No. 11 C 5658, 2012 WL 74855, at *3 (N.D. Ill. Jan. 10, 2012) ("The Court takes judicial notice of this publicly available prior art reference."). Exhibits C, D, and E are therefore judicially noticeable.

4. Attached hereto as **Exhibit F** is a true and correct copy of the Original Complaint for Patent Infringement filed in *Blue Spike, LLC v. Free Stream Media Corp.*, No. 6:12-CV-527 (E.D. Tex.) on August 14, 2012. The court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella*, 442 F.3d at 746. Exhibit F is therefore judicially noticeable.

For the foregoing reasons, Defendants respectfully request that the Court grant this Request for Judicial Notice.

DATED: July 27, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Valerie Roddy*
Valerie Roddy
*Attorneys for Defendants*