UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREE STREAM MEDIA CORP.,

Plaintiff,

v.

ALPHONSO INC., et al.,

Defendants.

Case No. 17-cv-02107-RS   (KAW)

**ORDER DENYING MOTION TO FILE UNDER SEAL**

Re: Dkt. No. 221

On September 8, 2017, Plaintiff Free Stream Media Corporation d/b/a Samba TV filed an administrative motion to file under seal. (Dkt. No. 221.) Plaintiff sought to file under seal the entirety of Exhibit D -- a transcript of September 7, 2017 deposition -- to its opposition to third-party Shazam Media Service Inc.'s motion to quash. (*Id.* at 1.) Plaintiff brought the motion solely because Shazam had designated the material "Highly Confidential - Restricted Outside Attorneys' Eyes Only," although it disagreed that the deposition transcripts "could possibly constitute confidential information that warrants filing this material under seal." (*Id.*)

On September 25, 2017, Shazam filed a declaration in support of Plaintiff's motion to file under seal. (Dkt. No. 230.) Shazam stated that it no longer sought to seal the entire deposition transcript, but sought only to redact the name of one Shazam employee and a few lines, which Shazam asserted "contains confidential, proprietary and sensitive business information of Shazam." (*Id.* at 1-2.)

The Court DENIES the motion to file under seal because Shazam has failed to set forth good cause to justify sealing. *See* Civil L.R. 79-5(b); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions"). As an initial matter, Shazam only states that

the redactions sought "contain[s] confidential, proprietary and sensitive business information," without explaining why or how. Further, as to the employee name, Shazam does not explain why the employee's name involves confidential, proprietary, and sensitive business information when his employment at Shazam is publicly available.[1] As to the remaining redactions, the Court finds that this information has already been stated in the publicly available opposition and reply briefs, as both briefs point to the possible existence of a business relationship between Shazam and Defendant Alphonso Inc. (Opp. at 4 (arguing that the discovery requests concern "the newly-established business relationship between Shazam and Alphonso"); Reply at 11 (stating that Plaintiff's counsel had "identif[ied] one alleged agreement between Shazam and Alphonso," which was "entered within the last 90 days").) The context of the deposition does not contain any additional information to that which is already publicly available, as it asks only if an agreement exists, without identifying what the unspecified agreement is, what it pertains to, or when it was entered into.

For these reasons, the Court finds that Shazam has failed to meet the good cause standard, and DENIES Plaintiff's motion to file under seal.

IT IS SO ORDERED.

Dated: November 22, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

[1] The Court notes that based on the deposition excerpt, there is no statement that this employee is involved in any particular business transaction or agreement. Instead, the deposition questions only ask if the deponent has ever communicated with that employee, but do not ask in what capacity or on what subjects.

2