MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
PAUL T. EHRLICH (Bar No. 228543)
paul.ehrlich@tensegritylawgroup.com
WILLIAM P. NELSON (Bar No. 196091)
william.nelson@tensegritylawgroup.com
STEFANI C. SMITH (Bar No. 251305)
stefani.smith@tensegritylawgroup.com
JENNIFER K. ROBINSON (Bar No. 270954)
jen.robinson@tensegritylawgroup.com
SAMANTHA A. JAMESON (Bar. No. 296411)
samantha.jameson@tensegritylawgroup.com
NATASHA M. SAPUTO (Bar No. 291151)
natasha.saputo@tensegritylawgroup.com
ALEX H. CHAN (Bar No. 278805)
alex.chan@tensegritylawgroup.com
WANLI CHEN (Bar No. 300254)
wanli.chen@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:     (650) 802-6000
Facsimile:      (650) 802-6001

*Attorneys for Plaintiff*
*Free Stream Media Corp. d/b/a Samba TV*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FREE STREAM MEDIA CORP., d/b/a SAMBA TV,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHONSO INC., ASHISH CHORDIA, RAGHU KODIGE, and LAMPROS KALAMPOUKAS,<br><br>Defendants. | Case No. 3:17-cv-02107-RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REVIEW THE CLERK'S ORDER TAXING COSTS AND TO STAY ENFORCEMENT OF THOSE COSTS**<br><br>Judge: Hon. Richard Seeborg<br>Dept: Courtroom 3, 17th Floor<br>Time: 1:30 p.m.<br>Date: April 25, 2019 |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

    1. Legal Standard ........................................................................................ 2

    2. Alphonso Seeks Non-Taxable Costs for Extra Deposition Transcripts, Unspecified Video Services, and Convenience Services ................................................................................................... 3

        a. Additional Copies of a Deposition Beyond the Original and One Copy Permitted By Local Rule 54-3(c)(1) Are Non-Taxable................................................................................... 4

        b. Alphonso Has Failed to Establish That Unspecified "Video Services" Is Necessary or Taxable................................................. 5

        c. Electronically Searchable and Hyperlinked Deposition Exhibits Are Neither Necessary Nor Taxable............................... 6

    3. The Court Should Exercise its Discretion to Deny or Reduce Costs......... 8

    4. Enforcement of Costs Should be Stayed Pending Resolution of Samba's Rule 59(e) Motion and/or Appeal ............................................... 8

II. CONCLUSION..................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Ass'n of Mexican-American Educators v. California*,
  231 F.3d 572, 591 (9th Cir. 2000) .................................................................................... 3

*CBT Flint Partners, LLC v. Return Path, Inc.*,
  737 F.3d 1320 (Fed. Cir. 2013) ......................................................................................... 2

*Centillion Data Sys., LLC v. Qwest Communs. In'tl*,
  631 F.3d 1279 (Fed. Cir. 2011) ......................................................................................... 8

*Champion Produce, Inc. v. Ruby Robinson Co.*,
  342 F.3d 1016, 1022 (9th Cir. 2003) ............................................................................ 3, 8

*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*,
  No. C 08-4575 SI, 2012 U.S. Dist. LEXIS 7403 (N.D. Cal. Jan. 23, 2012) ................... 3, 4

*Cooper v. United Air Lines, Inc.*,
  No. 13-cv-02870, 2015 U.S. Dist. LEXIS 73370 (N.D. Cal. June 5, 2015) ................... 3, 4

*EEOC v. Ford Motor Co.*,
  No. 11-13742, 2012 U.S. Dist. LEXIS 168383 (E.D. Mich. Nov. 28, 2012) ..................... 7

*Fitbug Ltd. V. Fitbit, Inc.*,,
  No. 13-1418, 2015 U.S. Dist. LEXIS 62879 (N.D. Cal. May 13, 2015) .................. 4, 5, 6

*Garedakis v. Brentwood Union Sch. Dist.*,
  No. 14-cv-4799, 2017 U.S. Dist. LEXIS 26448 at *30 (N.D. Cal. Feb. 24, 2017) ............ 2

*Glazer v. Whirlpool Corp.*,
  No. 1:08-WP-65000, 2015 U.S. Dist. LEXIS 193975 (N.D. Ohio Feb. 18, 2015) ............ 7

*Grimes v. UPS*,
  No. 05-1824 2008 U.S. Dist. LEXIS 88913 at *5 (N.D. Cal. Oct. 17, 2008) ................. 3, 8

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 914 (9th Cir. 2015) ............................................................................................. 7

*Johnson v. Hewlett-Packard Co.*,
  No. 09-03596, 2014 U.S. Dist. LEXIS 101512 (N.D. Cal. July 24, 2014) ....................... 5

*Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*,
  741 F.3d 955 (9th Cir. 2013) ............................................................................................. 6

*Lopez v. San Francisco Unified Sch. Dist.*,
  385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005) .................................................................... 2

No. 17-16547, 2018 U.S. App. LEXIS 34102 (9th Cir. Dec. 4, 2018) ............................. 2

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
  132 S. Ct. 1997 (2012) ...................................................................................................... 2

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
  No. 10-cv-03724, 2015 U.S. Dist. LEXIS 118807 at *20 (N.D. Cal. Sept. 4, 2015) ........ 2

**Rules**

28 U.S.C. § 1920 .................................................................................................................. 2

FED. R. CIV. P. 54(d)(1) ....................................................................................................... 2

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on April 25, 2019 (or as soon thereafter as the Court's schedule permits), before the Honorable Richard G. Seeborg of the United States District Court for the Northern District of California, located at Courtroom 3, 450 Golden Gate Avenue, 17th Floor, San Francisco, California, 94102, Plaintiff Free Stream Media Corporation d/b/a Samba TV ("Samba") will, and hereby does, move this Court pursuant to Fed. R. Civ. P. 54(d)(1) to review the Clerk's Order taxing costs (ECF No. 401) and to stay enforcement of those costs pending resolution of Samba's Rule 59(e) Motion and/or appeal to the Court of Appeals for the Federal Circuit.

This Motion is based on this Notice of Motion and Motion, the Declaration of William P. Nelson in Support of Samba's Motion ("Nelson Decl."), the pleadings and papers on file herein, and any oral argument before the Court, and any other matters the Court may request or consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Alphonso filed its Revised Bill of Costs on February 12, 2019 (ECF No. 393). Samba submitted its objections to Alphonso's Bill of Costs on February 26, 2019 (ECF No. 399). On March 20, 2019, the Clerk issued an Order (ECF No. 401) allowing the entirety of the costs sought by Alphonso. Samba is seeking this Court's review of the Clerk's action pursuant to Federal Rule of Civil Procedure 54(d)(1).

Alphonso's Revised Bill of Costs seeks numerous costs that go beyond those permitted by Section 1920, Federal Rule of Civil Procedure 54, and this Court's Local Rule 54. These unsubstantiated and non-taxable costs should be disallowed, and the Court should elect to tax Samba with at most the amount remaining after these disallowed costs are removed.

Alphonso's Revised Bill of Costs (ECF No. 393) seeks a total of $61,714.61 in expenses that Alphonso asserts are taxable under two categories of Local Rule 54:

- $59,800.10 for deposition transcript/video recording (Civil LR 54-3(c)(1): "The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable"); and
- $1,914.51 for disclosure/formal discovery documents (Civil LR 54-3(d)(2): "The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable").

ECF No. 393. However, the first category of Alphonso's Bill of Costs improperly contains expenses that Alphonso has not shown to be taxable under Section 1920, Local Rule 54, and the case law of this Court and the Ninth Circuit Court of Appeals. As shown below, because Alphonso has not met its burden of establishing the taxability of at least $17,623.35 of its requested expenses, at least those expenses should be disallowed and subtracted from the amount of costs taxed by this Court.[1]

---

[1] On February 1, 2019 Samba met and conferred with Alphonso regarding Samba's objections to Alphonso's Bill of Costs. **Nelson Decl., ¶ 7.** Based on this meet and confer Alphonso provided Samba with a revised version of ECF No. 373 (Bill of Costs) and ECF No. 373-3 (Exhibit A). *Id.* **¶¶ 8-9;** *Id.* **Exs. 1-2**. Alphonso filed a revised Bill of Costs on February 12, 2019. ECF Nos. 393, 393-1, 393-2, 393-3. **Nelson Decl., ¶ 10.** Samba has identified no difference in the amount or substance of costs sought by Alphonso between Exhibits 1 and 2 hereto and ECF Nos. 393 and 393-2. **Nelson Decl., ¶ 11.**

Even though Alphonso's remaining costs may be potentially taxable, the Court should exercise its discretion to reduce or decline to tax them due to the balance of the equities in this case, including the complex nature of this case, the closeness of the issues in dispute, and the vigorous, good-faith litigation on both sides.

Finally, the enforcement of any costs allowed by the Court should be stayed pending resolution of Samba's Rule 59(e) Motion and/or appeal to the Court of Appeals for the Federal Circuit.

### 1. Legal Standard

Pursuant to Federal Rule of Civil Procedure 54(d)(1), courts have the authority to review the clerk's taxation of costs. FED. R. CIV. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.")._ The Court's review is *de novo*. *Garedakis v. Brentwood Union Sch. Dist.*, No. 14-cv-4799, 2017 U.S. Dist. LEXIS 26448 at *30 (N.D. Cal. Feb. 24, 2017) (Hamilton, J.), *rev'd on other grounds* No. 17-16547, 2018 U.S. App. LEXIS 34102 (9th Cir. Dec. 4, 2018); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-cv-03724, 2015 U.S. Dist. LEXIS 118807 at *20 (N.D. Cal. Sept. 4, 2015) (Beeler, J.); *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005) (Illston, J.).

As the Supreme Court has explained, taxable costs under 28 U.S.C. Section 1920, Federal Rule of Civil Procedure 54, and Local Rule 54, "are limited to relatively minor, incidental expenses," "are limited by statute," and are "narrow" and "modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012); *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1327 (Fed. Cir. 2013).

Section 1920 sets out the six limited categories of expenses that district courts may, in their discretion, tax as costs. 28 U.S.C. § 1920. This Court's Local Rule 54 further elaborates on what expenses are considered to be taxable under Section 1920. Civil L.R. 54-3. For each of the itemized costs Alphonso seeks, Alphonso bears the burden of establishing in its Bill of Costs the amount of compensable, necessary costs and expenses to which it is entitled under Section 1920 and Local

PLAINTIFF'S MOTION TO
REVIEW CLERK'S ORDER         2                    CASE NO. 3:17-CV-02107-RS

1  Rule 54. *See Cooper v. United Air Lines, Inc.*, No. 13-cv-02870, 2015 U.S. Dist. LEXIS 73370,
2  *3 (N.D. Cal. June 5, 2015); *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No.
3  C 08-4575 SI, 2012 U.S. Dist. LEXIS 7403, *7 (N.D. Cal. Jan. 23, 2012).

4  Although Rule 54(d)(1) creates a presumption in favor of awarding costs, the Rule also
5  vests a district court with discretion to deny costs. *Ass'n of Mexican-American Educators v.
6  California*, 231 F.3d 572, 591 (9th Cir. 2000). A district court must articulate the reasons for
7  denying costs, explaining why the case is not ordinary and why it would be inappropriate or
8  inequitable to award costs. *Id.* at 593. The Ninth Circuit has held that denying costs may be
9  appropriate based on: (1) the losing party's limited financial resources; (2) the misconduct of the
10 prevailing party; (3) the chilling effect of imposing high costs on future civil litigants; (4) the
11 closeness and difficulty of the issues in the case; (5) the nominal or partial ultimate recovery by
12 the prevailing party; or (6) the landmark issue of national importance presented by the case.
13 *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Courts may
14 also deny costs when the case was vigorously litigated by both parties. *Grimes v. UPS*, No. 05-
15 1824 2008 U.S. Dist. LEXIS 88913 at *5 (N.D. Cal. Oct. 17, 2008) (Seeborg, J.).

16  **2.  Alphonso Seeks Non-Taxable Costs for Extra Deposition Transcripts,
17      Unspecified Video Services, and Convenience Services**

18  Alphonso seeks $59,800.10 in expenses related to deposition transcript and video recording.
19 ECF No. 393. However, the invoices submitted by Alphonso reveal that many of the expenses it
20 seeks to collect are non-taxable. This includes: copies beyond the one original and one additional
21 copy of a deposition allowed by Local Rule 54-3(c); significant but undefined costs related to
22 "Video – Services"; and extras such as OCR and hyperlinking that Courts have repeatedly found
23 to be non-taxable. *See generally* ECF No. 393-2.

24  Because of the large number of deposition and other transcript invoices included in
25 Alphonso's Bill of Costs (as well as the large number of different expenses included in each
26 invoice), Samba has attached to this Opposition tables respectively identifying three categories of
27 non-taxable costs, as further addressed below. These are Exhibit 3 (Costs Related to Additional
28

Copies of Depositions), Exhibit 4 (Costs Related to Video Services), and Exhibit 5 (Costs Related to OCR and Hyperlinking). As shown by these Exhibits, Samba should be taxed with no more than $42,176.75 for taxable deposition costs, and at least $17,623.35 should be subtracted from Alphonso's requested costs as disallowed, non-taxable costs.

### a. Additional Copies of a Deposition Beyond the Original and One Copy Permitted By Local Rule 54-3(c)(1) Are Non-Taxable

Civil Local Rule 54-3(c)(1) allows costs for "an original and one copy of any deposition (including videotaped depositions)." Courts of this district have repeatedly read this rule to bar a prevailing party from collecting expenses associated with copies beyond the original and one copy (or two copies in the event that the original is delivered to the non-prevailing party). *See, e.g.*, *Cooper v. United Air Lines, Inc.*, No. 13-cv-02870-JSC, 2015 U.S. Dist. LEXIS 73370, *6-7 (N.D. Cal. June 5, 2015) ("two invoices reflect the costs for an 'original + one certified copy' for each of Plaintiff's two depositions, and two invoices reflect the costs for videotaped versions of the same depositions. The costs of the videotaped depositions thus exceed the costs authorized by Civil Local Rule 54-3(c)(1)") (internal citations omitted); *Fitbug Ltd. V. Fitbit, Inc.,*, No. 13-1418, 2015 U.S. Dist. LEXIS 62879, at *17 (N.D. Cal. May 13, 2015) (same); *City of Alameda*, 2012 U.S. Dist. LEXIS 7403, at *11 ("Alameda does not cite any authority for the proposition that it may recover for the costs of 'rough' disks, 'miniscripts' or expedited transcripts in addition to the cost of an original and one copy of a deposition permitted under Civil Local Rule 54-3(c)(1). Courts in the Northern District have held that **costs for additional copies of transcripts are not recoverable**.").

In violation of the rules, Alphonso's Bill of Costs includes substantial expenses for deposition copies beyond the original and one copy permitted by Local Rule 54-3(c)(1). For eight depositions invoiced by Chase, Alphonso seeks costs for additional copies of the depositions beyond the two permitted by Local Rule 54-3(c)(1). *See* ECF No. 393-2 at 5 (invoice for Kalampoukas deposition Vol. I); *id.* at 6 (invoice for Kalampoukas deposition Vol. II); *id.* at 12

(invoice for Kodige deposition Vol. I); *id.* at 13 (invoice for Kodige deposition Vol. II); *id.* at 14 (invoice for Chordia deposition Vol. I); *id.* 15 (invoice for Chordia deposition Vol. II); *id.* at 30 (invoice for Chordia deposition Vol. III); *id.* at 21 (invoice for Zachariah deposition).

For all of the depositions invoiced by Chase, Alphonso received "1 CERTIFIED PAPER & ELECTRONIC FINAL TRANSCRIPT." *See, e.g.*, ECF No. 393-2 at 5 (invoice for Kalampoukas deposition Vol. I). These two copies—the certified paper and certified electronic— are the only copies of the deposition that are properly taxable to Samba pursuant to Local Rule 54-3(c)(1). *See also Fitbug*, 2015 U.S. Dist. LEXIS 62879, at *18. However, for eight of the depositions invoiced by Chase, Alphonso is also seeking costs for a third "Video Transcript" listed under the billing code "Video Transcript Rate." *See* ECF No. 393-2 at 5 (invoice for Kalampoukas deposition Vol. I); *id.* at 6 (invoice for Kalampoukas deposition Vol. II); *id.* at 12 (invoice for Kodige deposition Vol. I); *id.* at 13 (invoice for Kodige deposition Vol. II); *id.* at 14 (invoice for Chordia deposition Vol. I); *id.* 15 (invoice for Chordia deposition Vol. II); *id.* at 30 (invoice for Chordia deposition Vol. III); *id.* at 21 (invoice for Zachariah deposition). For each of these eight depositions, the video transcript would be the third copy received by Alphonso and therefore, the costs associated with this additional transcript is not recoverable. Samba has included the $1,317.00 in expenses related to these additional video transcripts ("Video Transcript Rate") in the "Amount of Disallowed Costs" (Column D) of Exhibit 3 (Costs Related to Additional Copies of Depositions) and these disallowed costs should be subtracted from any costs taxed to Samba.

### b. Alphonso Has Failed to Establish That Unspecified "Video Services" Is Necessary or Taxable

Alphonso also seeks to recover substantial costs related to unspecified "Video – Services" for two depositions invoiced by Veritext. *See, e.g.*, ECF No. 393-2 at 32 (invoice for Bakewell deposition "Video – Services . . . $2,227.50"); *id.* at 33 (invoice for Zatkovich deposition "Video – Services . . . $2,029.50"). However, Alphonso provides no explanation as to what the billing code "Video – Services" includes and why it is properly recoverable. *See Johnson v. Hewlett-Packard Co.*, No. 09-03596, 2014 U.S. Dist. LEXIS 101512, at *19 (N.D. Cal. July 24, 2014)

PLAINTIFF'S MOTION TO
REVIEW CLERK'S ORDER         5         CASE NO. 3:17-CV-02107-RS

(denying costs where invoices were "too vague" to determine what charges are for allowable costs and which are for unallowable costs). The top of each invoice notes that the delivery is to be "Expedited" but there is no separate entry for those costs. Thus, the charges for "Video-Services" —over $2,000 for each billing entry—suggests that "Video-Services" includes expediting costs which are not recoverable. *See Fitbug*, 2015 U.S. Dist. LEXIS 62879, at *6 May 13, 2015)("Shipping or expedited delivery charges are not allowable as costs."). To the extent that "Video – Services" includes costs for transcript and deposition synchronization, the Ninth Circuit has held those are not recoverable. *See Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958-959 (9th Cir. 2013) (finding that expenses incurred only for the convenience of counsel, like synchronized deposition videotapes, do not meet the necessity requirement of Section 1920).

Because Alphonso's Bill of Costs does not establish that these costs were necessary or otherwise properly taxable under Section 1920 or Local Rule 54, Samba has included the $4,257.00 in expenses related to "Video-Services" in the "Amount of Disallowed Costs" (Column D) of Exhibit 4 (Costs Related to Video Services) and these disallowed costs should be subtracted from the costs requested by Alphonso.

### c. Electronically Searchable and Hyperlinked Deposition Exhibits Are Neither Necessary Nor Taxable

Alphonso also seeks substantial costs relating to creating electronically searchable and hyperlinked deposition exhibits for 28 depositions invoiced by TSG, Chase and Veritext. *See, e.g.*, ECF No. 393-2 at 16 (invoice for Ashwin Navin deposition Vol. I "Exhibits – Scanned & Hyperlinked – B&W" and "Exhibits – Scanned & Hyperlinked – Color"); *id.* at 7 (invoice for Moose deposition "Exhibits OCR B/W Scanned & Hyperlinked" and "Exhibits OCR Color Scanned & Hyperlinked"); *id.* at 28 (invoice for Zatkovich deposition "Exhibits Scanned-Searchable – OCR"). Alphonso's Bill of Costs does not establish that the creation of electronically searchable and hyperlinked exhibits costs was necessary or otherwise properly taxable under Section 1920 or Local Rule 54.

For each of the depositions noticed by Samba, Samba's counsel provided courtesy copies of every exhibit used at the deposition to Alphonso's counsel. **Nelson Decl., ¶ 12**. Moreover, the vast majority of deposition exhibits used in the depositions noticed by either side were production documents already produced to (or by) Alphonso in the ordinary course of discovery. *Id.* Samba is not aware of any instance (and Alphonso's Bill of Costs does not allege any) in which a witness annotated, wrote on, or otherwise materially altered an exhibit from the production and/or courtesy copy already provided by Samba to Alphonso. *Id*. Therefore, additional expenses for electronically scanning and creating electronically searchable and hyperlinked exhibits after the completion of the deposition was again duplicative, not necessary, and (at most) was merely for the convenience of counsel. These copies created solely for the convenience of counsel are not taxable. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 929-930 (9th Cir. 2015) ("However, if the faxed copy was created solely for the convenience of counsel, the cost of making the copy would not be taxable . . . A narrow construction of § 1920(4) requires recognition that the circumstances in which a copy will be deemed 'necessarily obtained' for use in a case will be *extremely limited*.") (emphasis added); *Glazer v. Whirlpool Corp.*, No. 1:08-WP-65000, 2015 U.S. Dist. LEXIS 193975, *15-16 (N.D. Ohio Feb. 18, 2015); *EEOC v. Ford Motor Co.*, No. 11-13742, 2012 U.S. Dist. LEXIS 168383, *3 (E.D. Mich. Nov. 28, 2012) ("certain 'extras' such as 'hyperlinked exhibits on CD' and tabbing exhibits are done for the convenience of counsel and are not necessary.") Moreover, the costs for the deposition exhibits are non-itemized. This means that even if the costs for an additional set of exhibits is taxable, those costs could not be separated from the untaxable costs for making those exhibits electronically searchable and hyperlinked.

The costs related to creating electronically searchable and hyperlinked deposition exhibits are duplicative, unnecessary, and were merely for the convenience of counsel. Samba has included the $12,049.35 in expenses relating to these services in the "Amount of Disallowed Costs" (Column D) of Exhibit 5 (Costs Related to OCR and Hyperlinking) and these disallowed costs should be subtracted from any costs taxed to Samba.

       **3.**       **The Court Should Exercise its Discretion to Deny or Reduce Costs**

The Court should exercise its discretion to deny some or all of the $61,714.61 sought by Alphonso in its Revised Bill of Costs. The issue of infringement in this case was nuanced and complex and both parties litigated vigorously. In such circumstances, denial of costs may be appropriate. *See Champion Produce*, 342 F.3d at 1022 (noting that whether "the issues in the case were close and difficult" and whether "the losing party litigated in good faith" are appropriate factors to consider in denying costs); *Grimes*, 2008 U.S. Dist. LEXIS 88913 at *5 (noting that equitable factors including "whether the case was vigorously litigated" may be considered in denying costs).

As evidenced by Samba's Motion to Amend or Alter a Judgment Pursuant to Rule 59(e) (ECF No. 375), the technology and claims led to multiple infringement and non-infringement theories that were highly particularized and complicated. Both parties litigated energetically and in good faith on issues that were far from straightforward or simplistic. For example, the issue of divided infringement regarding "use" of mobile devices hinges on application of a Federal Circuit case, *Centillion Data Sys., LLC v. Qwest Communs. In'tl*, 631 F.3d 1279 (Fed. Cir. 2011), about which there remains substantial disagreement regarding its scope, as evidenced in Samba's Rule 59(e) briefing. Under these circumstances, it would be equitable for the Court to exercise its discretion to deny costs in whole or in part.

       **4.**       **Enforcement of Costs Should be Stayed Pending Resolution of Samba's Rule 59(e) Motion and/or Appeal**

The enforcement of costs should be stayed pending resolution of Samba's Motion to Amend or Alter a Judgment Pursuant to Rule 59(e) (ECF No. 375) and/or appeal to the Court of Appeals for the Federal Circuit on the closely contested issue of infringement. This Court has not yet ruled on Samba's Rule 59(e) Motion. Additionally, even if Samba's Rule 59(e) Motion is denied, Samba has already filed a Notice of Appeal (ECF No. 378) to the Federal Circuit. The Federal Circuit will then resolve this closely contested issue on appeal. As a result, it would be equitable to stay the enforcement of the costs without the requirement that Samba post a bond,

REVIEW CLERK'S ORDER        8       CASE NO. 3:17-CV-02107-RS

pending the resolution of the Rule 59(e) Motion and/or appeal.

## II. CONCLUSION

For the reasons explained above, to the extent costs are taxed at all, Samba should be taxed with no more than $44,091.26 (the amount left after subtracting the at least $17,623.35 of disallowed costs from Alphonso's originally requested amount).

Dated: March 27, 2019                             Respectfully submitted

/s/     William P. Nelson
Matthew D. Powers (Bar No. 104795)
Paul T. Ehrlich (Bar No. 228543)
William P. Nelson (Bar No. 196091)
Stefani C. Smith (Bar No. 251305)
Jennifer K. Robinson (Bar No. 270954)
Samantha A. Jameson (Bar. No. 296411)
Natasha M. Saputo (Bar No. 291151)
Alex H. Chan (Bar No. 278805)
Wanli Chen (Bar No. 300254)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:    (650) 802-6000
Facsimile:      (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
stefani.smith@tensegritylawgroup.com
jen.robinson@tensegritylawgroup.com
samantha.jameson@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
alex.chan@tensegritylawgroup.com
wanli.chen@tensegritylawgroup.com
samba_service@tensegritylawgroup.com

*Attorneys for Plaintiff,*
*Free Stream Media Corp. d/b/a Samba TV*

PLAINTIFF'S MOTION TO
REVIEW CLERK'S ORDER                9                CASE NO. 3:17-CV-02107-RS

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 27, 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will issue an electronic notification of filing to all counsel of record.

*/s/ William P. Nelson*
William P. Nelson