1    Neel Chatterjee (SBN 173985)                Andrea L. Scripa (pro hac vice)
     *nchatterjee@goodwinlaw.com*                 *ascripa@goodwinlaw.com*
2    Andrew S. Ong (SBN 267889)                   **GOODWIN PROCTER LLP**
     *aong@goodwinlaw.com*                         620 Eighth Avenue
3    Elizabeth J. Low (SBN 308098)                New York, New York 10017
     *elow@goodwinlaw.com*                         Tel.:   (212) 813-8800
4    **GOODWIN PROCTER LLP**                       Fax.:   (212) 355-3333
     601 Marshall Street
5    Redwood City, California 94063
     Tel.:   (650) 752-3100
6    Fax.:   (650) 853-1038

7    Darryl M. Woo (SBN 100513)
     *dwoo@goodwinlaw.com*
8    Brett M. Schuman (SBN 189247)
     *bschuman@goodwinlaw.com*
9    **GOODWIN PROCTER LLP**
     Three Embarcadero Center
10   San Francisco, California 94111
     Tel.:   (415) 733-6000
11   Fax.:   (415) 677-9041

12   Attorneys for Defendants Alphonso Inc.,
     Ashish Chordia, Raghu Kodige, and
13   Lampros Kalampoukas

14                       UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16                          SAN FRANCISCO DIVISION

17   FREE STREAM MEDIA CORP. d/b/a         | Case No. 3:17-cv-02107-RS
     SAMBA TV ,                            |
18                                         | **DEFENDANTS' OPPOSITION TO**
              Plaintiff,                   | **MOTION TO REVIEW CLERK'S ORDER**
19                                         | **TAXING COSTS AND TO STAY**
         v.                                | **ENFORCEMENT OF COSTS**
20                                         |
     ALPHONSO, INC., ASHISH CHORDIA,       | Date:      April 25, 2019
21   RAGHU KODIGE and LAMPROS              | Time:      1:30 pm
     KALAMPOUKAS ,                         | Place:     Courtroom 3, 17th Floor
22                                         | Judge:     Hon. Richard Seeborg
              Defendants.                  |
23

24

25

26

27

28

## I.     INTRODUCTION

The Court should deny Samba's motion to review the order taxing costs.  *See* Dkt. No. 402 ("Mot.").  On December 28, 2018, the Court granted summary judgment in Alphonso's favor and entered judgment accordingly.  *See* Dkt. Nos. 367, 368.  Pursuant to the judgment, Alphonso submitted its Revised Bill of Costs, seeking $61,174.61 in costs.  *See* Dkt. No. 393 ("Bill of Costs").  The Clerk of Court taxed the full amount (*see* Dkt. No. 401) over Samba's objections (*see* Dkt. No. 399).

This motion is another example of Samba's leave-no-stone-left-unturned litigation strategy.  The parties have spent millions of dollars to litigate this case, and no less than seventeen attorneys from three law firms have worked on this case on Samba's behalf.  Yet Samba now seeks to reduce costs by $17,623.35.  Samba has expended at least this much by filing this motion.

None of Samba's arguments have merit.  Samba argues that three types of costs related to deposition transcripts/video recording are not taxable: (1) copies of deposition transcripts; (2) video services; and (3) searchable and hyperlinked deposition exhibits.  Courts have in fact allowed costs associated with video services and scanning of deposition exhibits.  Samba's motion completely ignores case law that contradicts its arguments here, and the Court should therefore reject Samba's arguments.

Samba also asks the Court to exercise its discretion to deny or reduce costs, but there is no basis for Samba's request.  Samba argues that the Court should deny or reduce the amount of costs owed to Alphonso because the issues in the case were allegedly difficult and because Samba litigated in good faith.  But, Samba has identified nothing more than run-of-the-mill litigation conduct.  For example, Samba was ***required*** to litigate in good faith, under Federal Rule of Civil Procedure 11 and other applicable authorities.  If Samba's argument were accepted here, a prevailing party would never be entitled to costs.  And Samba falls short of meeting its burden that a stay of costs is appropriate here.  To the contrary, a stay would be prejudicial to Alphonso.

For these reasons, the Court should deny Samba's motion and order that Samba pay the taxable costs immediately.

1

DEFENDANTS' OPPOSITION TO MOTION TO REVIEW ORDER TAXING COSTS
CASE NO. 3:17-CV-02107-RS

II.    **LEGAL STANDARD**

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003); *see* Fed. R. Civ. P. 54(d)(1) ("[C]osts—other than attorney's fees—should be allowed to the prevailing party."). "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley*, 335 F.3d at 945; *see Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) ("A district court must specify reasons for its refusal to award costs.") (internal quotation marks omitted). This is because "[t]he presumption itself provides all the reason a court needs for awarding costs[.]" *Save Our Valley*, 335 F.3d at 945.

Section 1920 identifies six categories of taxable costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54 provides further guidance as to what costs are taxable.

III.    **ARGUMENT**

A.    **Alphonso's Bill of Costs**

Samba seeks to deduct from the following costs: (1) copies of deposition transcripts; (2) video services; and (3) electronically searchable and hyperlinked deposition exhibits. The total reduction would save a total of $17,623.35. The Court should overrule each of these objections.

1.    **Costs Related to Video Services Are Taxable**

Alphonso's costs of $4,257 for Video Services and $1,317 for Video Transcript Rate are taxable. The Video Services costs are related to the depositions of W. Christopher Bakewell, Samba's damages expert, and Ivan Zatkovich, Samba's technical expert. "Video Services"

2

1    include video-related fees, such as synchronization.  The Video Transcript Rate is a charge for the

2    court reporter to listen to the deposition audio to ensure the transcript synchs to the video

3    correctly.  Had this case proceeded to trial, these services would have been "reasonably necessary

4    to assist the jury or the Court in understanding the issues at the trial."  Civ. L.R. 54-3(d)(5); *see*

5    *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012

6    WL 177566, at *2 (N.D. Cal. Jan. 23, 2012) ("The Court finds that these costs are recoverable

7    because, if this case had proceeded to trial, ***synchronized videotaped depositions would have***

8    ***assisted the jury in understanding the evidence in this case***, much of which was complicated.")

9    (emphasis added); *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1150 (N.D.

10   Cal. 2010) (overruling objection to costs of synchronizing deposition videos and citing Civil Local

11   Rule 54-3(c)).

12        In its motion, Samba speculates, with no evidentiary support, that Video Services may

13   have included fees for expedited delivery.  *See* Mot. at 6.  In requesting that such fees be rejected,

14   Samba ignores precedent in this District holding that such costs "may be allowable where

15   circumstances warrant expedited transcription of testimony."  *Vectren Commc'ns Servs. v. City of*

16   *Alameda*, No. C 08-3137 SI, 2014 WL 3612754, at *3 (N.D. Cal. July 22, 2014).  Such is the case

17   here.  Messrs. Bakewell's and Zatkovich's depositions took place on October 17, 2018—ten days

18   after the close of expert discovery (*see* Dkt. No. 293) and less than a month before dispositive

19   motions were due (*see* Dkt. No. 305).  In light of these deadlines, "[t]he costs to expedite the

20   depositions therefore were not 'extra;' they were necessary under the circumstances of this case."

21   *Meier v. United States*, No. C 05-04404 WHA, 2009 WL 982129, at *2 (N.D. Cal. Apr. 13, 2009).

22                **2.      Costs Related to Hyperlinked Deposition Exhibits Are Taxable**

23        The Court should also reject Samba's objection to $12,049.35 for costs associated with

24   scanning and creating electronically searchable deposition exhibits.  Civil Local Rule 54-3(c)

25   provides that "[t]he cost of reproducing exhibits to depositions is allowable if the cost of the

26   deposition is allowable."  *See Vectren*, 2014 WL 3612754, at *4 ("The costs for . . . electronic

27   scanning of exhibits are also recoverable.") (citing 28 U.S.C. § 1920(2); Civ. L.R. 54-3(c)(3));

28   *City of Alameda*, 2012 WL 177566, at *3 ("The Court agrees with Alameda that costs for

                                                            3

1   electronic scanning of exhibits are recoverable under Civil Local Rule 54–3(c)(3), and

2   OVERRULES this aspect of plaintiffs' objection.").  Samba does not dispute that the costs of the

3   depositions are allowable.  The costs of scanning the exhibits are therefore also allowable.

4        Samba's cited authorities do not support its argument.  The documents at issue in *In re*

5   *Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 929 (9th Cir. 2015), were part of a document

6   production, not deposition exhibits.  Thus, Civil Local Rule 54-3(c)(3), which expressly provides

7   for such costs, did not apply.

8        Samba also cites two out-of-circuit district court cases, which operate under different local

9   rules.  *See* Mot. at 7 (*In re: Whirlpool Corp.*, No. 1:08-WP-65000, 2015 WL 11995255 (N.D.

10   Ohio Feb. 18, 2015) and *E.E.O.C. v. Ford Motor Co.*, No. 11-13742, 2012 WL 5947649 (E.D.

11   Mich. Nov. 28, 2012)).  These cases are factually distinguishable.  The court in *In re: Whirlpool*

12   rejected $133,843.66 claimed for photocopying and exemplification of documents, binding,

13   tabbing, and creation and duplication of CDs.  2015 WL 11995255, at *5.  Alphonso does not seek

14   costs related to these tasks.  And in *E.E.O.C.*, the court found that "exhibit copies and delivery

15   fees are generally reasonable and necessary[.]"  2012 WL 5947649, at *1.  Although that court

16   disallowed "'hyperlinked exhibits on CD' and tabbing exhibits"—the latter of which Alphonso

17   does not claim—it cited no rule for doing so.  *Id.*  Notably, Civil Local Rule 54-3(c)(3) does not

18   provide any exclusions for hyperlinked exhibits.

19        **B.**     **There Is No Basis to Deny or Reduce Costs**

20        Samba has not carried its burden of establishing that the Court should depart from the

21   presumption in favor of awarding costs.  The Ninth Circuit has approved several reasons for

22   denying costs, including: "(1) a losing party's limited financial resources; (2) misconduct by the

23   prevailing party; and (3) the chilling effect of imposing high costs on future civil rights litigants."

24   *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citation,

25   ellipses, and internal quotation marks omitted).  The Ninth Circuit has also "noted with approval .

26   . . that other circuits have held that the following factors are appropriate: (1) the issues in the case

27   were close and difficult; (2) the prevailing party's recovery was nominal or partial; (3) the losing

28   party litigated in good faith; and, perhaps, (4) the case presented a landmark issue of national

4

1    importance." *Id.*

2        None of the *Champion Produce* factors are present here.  Samba only addresses two of

3    these factors.  *First*, Samba contends that the issues here were close and difficult and that Samba

4    litigated in good faith.  Mot. at 8.  Samba's only basis for arguing that this case raised "issues that

5    were far from straightforward or simplistic" is that that there was "substantial disagreement

6    regarding [the] scope" of *Centillion Data Systems, LLC v. Quest Communications International*,

7    631 F.3d 1279 (Fed. Cir. 2011).  *See* Mot. at 8.  This is insufficient for Samba to establish that the

8    Court should ignore presumption of taxing costs.  Indeed, it is hardly noteworthy that parties to a

9    patent litigation would at some point dispute the applicability of a Federal Circuit case.  This is to

10   be expected in the normal course of litigation.[1]

11       *Second*, as discussed in Alphonso's motion for attorneys' fees (Dkt. No. 379-4) and

12   opposition to Samba's Rule 59(e) motion (Dkt. No. 386-4), there is a serious question as to

13   whether Samba acted in good faith when it filed its last-minute infringement contentions based on

14   theories that "[b]y no stretch" (Dkt. No. 371 at 11) could amount to infringement.  And, in any

15   event, Samba is not entitled to a denial or reduction of costs simply because it ostensibly litigated

16   in good faith.  Samba was already required to litigate in good faith, including under Federal Rule

17   of Civil Procedure 11, Civil Local Rule 11-4, and other applicable rules of professional conduct.

18   If the Court denied costs based on Samba's argument, no prevailing party would ever be entitled

19   to costs under Rule 54.  *See, e.g.*, *Mandujano v. Geithner*, No. C 10-01226 LB, 2011 WL

20   3566398, at *2 (N.D. Cal. Aug. 12, 2011) (good faith "is insufficient to justify the denial of costs

21   to a prevailing party"); *see also Universal Stabilization Techs., Inc. v. Advanced Bionutrition*

22   *Corp.*, No. 17CV87-GPC(MDD), 2018 WL 6181478, at *2 (S.D. Cal. Nov. 27, 2018) ("[B]ringing

23   a case in good faith, alone, is not sufficient to deny costs because a plaintiff is at all times legally

24   and ethically obligated to act in good faith and to deny costs on grounds of good faith alone would

25   render Rule 54(d) meaningless in every situation where the unsuccessful party acted in accordance

26

27   [1] To the extent the issues were complicated, it was due to Samba's last-minute amendment of its
     infringement contentions and changing arguments that continued in the post-summary judgment
28   motions.  *See* Dkt. Nos. 379-4, 386-4.

5

1    with the law and its ethical obligations.") (citation and internal quotation marks omitted);

2    *Bommarito v. Nw. Mut. Life Ins. Co.*, No. 2:15-CV-1187 WBS DB, 2018 WL 4657243, at *3

3    (E.D. Cal. Sept. 26, 2018) ("Denials [of costs] based on good faith alone would render Rule 54(d)

4    meaningless because any unsuccessful party who acted in accordance with their obligations would

5    be free from paying any costs.").

6         Further, Samba's reliance upon the Court's decision in *Grimes v. United Parcel Serv., Inc.*,

7    No. C05-1824 RS, 2008 WL 4622589 (N.D. Cal. Oct. 17, 2008), is misplaced.  In that case, the

8    Court denied costs against an individual plaintiff that lost at trial on employment sex

9    discrimination claims brought against a large corporation.  In denying costs, the Court focused on

10   the fact that plaintiff was an individual and that taxing costs in that situation "could . . . chill

11   individual litigants of modest means from seeking to vindicate their rights under the civil rights

12   laws." *Id.* at *2 (citation omitted).  Neither of the Court's cited reasons exist here.

13        **C.    Samba Should Pay the Taxed Costs Immediately**

14        The Court should order Samba to pay the taxable costs immediately.  To determine

15   whether to issue a stay, courts consider "(1) whether the stay applicant has made a strong showing

16   that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured

17   absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested

18   in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776

19   (1987); *see Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2013 WL 843104, at *4

20   (N.D. Cal. Mar. 6, 2013) (applying *Hilton* to motion to stay enforcement of bill of costs).

21        Samba does not analyze any of these factors and cites no authority in support of its

22   argument.  Indeed, none of these factors favor a stay.  *First*, Samba makes no showing that it is

23   like to succeed on the merits on appeal, or even its Rule 59(e) motion.  *Second*, Samba fails to

24   explain how it would be irreparably injured absent a stay.  "[T]he mere fact that reversal on appeal

25   would also entail reversal or reassessment of costs does not qualify as an irreparable injury and is

26   not a sufficient basis to stay taxation of costs." *Emblaze Ltd. v. Apple Inc.*, No. 5:11-CV-01079-

27   PSG, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015).  This is nothing more than "a mere

28   inconvenience, and not an irreparable injury." *Kilopass Tech.*, 2013 WL 843104, at *5.  *Third*,

6

1   there is a "presumptive injury to [Alphonso] from further delay of taxation of costs." *See Emblaze*

2   *Ltd.*, 2015 WL 1304779, at *2.  Judgment was entered on December 28, 2018.  *See* Dkt. No. 368.

3   It is undisputed that Alphonso is the prevailing party and has an interest in the prompt payment of

4   its costs.  Samba's appeal to the Federal Circuit is likely to take a significant amount of time.

5   Alphonso will be substantially injured if it has to wait for the appeal to be resolved before it

6   receives payment for its costs.  *Fourth*, Samba does not identify any public interest that favors

7   staying taxation of costs.  "To the contrary, public policy favors prompt recovery of costs."

8   *Emblaze Ltd.*, 2015 WL 1304779, at *3.

9   **IV.    CONCLUSION**

10      For the reasons stated above, Alphonso respectfully requests that the Court deny Samba's

11   motion to review taxes.  The Court should also order Samba to pay the taxable costs to Alphonso

12   immediately.

13

14   Dated:   April 10, 2019                          Respectfully submitted,

15

16                                                    By: /s/ *Neel Chatterjee*
                                                          Neel Chatterjee

17                                                       **GOODWIN PROCTER LLP**

18                                                       Attorneys for Defendants Alphonso Inc., Ashish
                                                         Chordia, Raghu Kodige, and Lampros
19                                                       Kalampoukas

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO MOTION TO REVIEW ORDER TAXING COSTS
CASE NO. 3:17-cv-02107-RS

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

3   United States District Court for the Northern District of California by using the CM/ECF system

4   on April 10, 2019.  I further certify that all participants in the case are registered CM/ECF users

5   and that service will be accomplished by the CM/ECF system.

6       I certify under penalty of perjury that the foregoing is true and correct.  Executed on

7   April 10, 2019 in Redwood City, California.

8
                                              /s/ *Neel Chatterjee*

9                                                Neel Chatterjee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

DEFENDANTS' OPPOSITION TO MOTION TO REVIEW ORDER TAXING COSTS
CASE NO. 3:17-CV-02107-RS