MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
PAUL T. EHRLICH (Bar No. 228543)
paul.ehrlich@tensegritylawgroup.com
WILLIAM P. NELSON (Bar No. 196091)
william.nelson@tensegritylawgroup.com
STEFANI C. SMITH (Bar No. 251305)
stefani.smith@tensegritylawgroup.com
JENNIFER K. ROBINSON (Bar No. 270954)
jen.robinson@tensegritylawgroup.com
SAMANTHA A. JAMESON (Bar. No. 296411)
samantha.jameson@tensegritylawgroup.com
NATASHA M. SAPUTO (Bar No. 291151)
natasha.saputo@tensegritylawgroup.com
WANLI CHEN (Bar No. 300254)
wanli.chen@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:    (650) 802-6000
Facsimile:    (650) 802-6001

*Attorneys for Plaintiff*
*Free Stream Media Corp. d/b/a Samba TV*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FREE STREAM MEDIA CORP., d/b/a SAMBA TV,<br><br>Plaintiff,<br><br>vs.<br><br>ALPHONSO INC., ASHISH CHORDIA, RAGHU KODIGE, and LAMPROS KALAMPOUKAS,<br><br>Defendants. | Case No. 3:17-cv-02107-RS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO REVIEW THE CLERK'S ORDER TAXING COSTS AND TO STAY ENFORCEMENT OF THOSE COSTS**<br><br>Judge: Hon. Richard Seeborg<br>Dept:  Courtroom 3, 17th Floor |

.
bar

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 3

II. Argument ............................................................................................................................. 3

    A. Alphonso Fails to Address Ninth Circuit Precedent Holding that the Costs for Video Services Sought by Alphonso Are Not Taxable ..................................... 3

        1. Alphonso's Unsubstantiated Assertions Neither Support Nor Explain How Unspecified "Video Services" are Necessary and Taxable ............................................................................................................. 3

        2. Alphonso Fails to Explain Why It Should Recover Costs for Extra Deposition Transcripts Beyond the Original and One Copy Permitted by Local Rule 54-3(c)(1) ............................................................. 6

    B. Alphonso Fails to Establish that the Convenience Services of Making Searchable and Hyperlinked Deposition Exhibits is Necessary and Taxable ........ 8

    C. Alphonso Fails to Establish that There Are Insufficient Grounds for the Court to Exercise Its Discretion to Deny Costs ...................................................... 9

    D. Alphonso Fails to Establish that a Stay of Costs is Not Warranted ...................... 10

III. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Champion Produce*,
  342 F.3d 1016 (9th Cir. 2003) .................................................................................................. 9

*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*,
  No. C 08-4575 SI, 2012 U.S. Dist. LEXIS 7403 (N.D. Cal. Jan. 23, 2012) ............................... 8

*Cooper v. United Air Lines, Inc.*,
  No. 13-cv-02870, 2015 U.S. Dist. LEXIS 73370 (N.D. Cal. June 5, 2015) .............................. 4

*Dig. Reg of Tex., LLC v. Adobe Sys.*,
  No. 4:12-cv-01971-CW (N.D. Cal. May 20, 2015) ................................................................... 8

*EEOC v. Ford Motor Co.*,
  No. 11-13742, 2012 U.S. Dist. LEXIS 168383 (E.D. Mich. Nov. 28, 2012) ............................ 8

*Glazer v. Whirlpool Corp.*,
  No. 1:08-WP-65000, 2015 U.S. Dist. LEXIS 193975 (N.D. Ohio Feb. 18, 2015) ................... 8

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 914 (9th Cir. 2015) ..................................................................................................... 8

*Kalitta Air LLC v. Central Texas Airways, Inc.*,
  741 F.3d 955 (9th Cir. 2013) ..................................................................................................... 4

*Keurig, Inc. v. JBR, Inc.*,
  No. 11-11941-FDS, 2014 U.S. Dist. LEXIS 69631 (D. Mass. May 21, 2014) ......................... 9

*Vectren Commc'ns Servs. v. City of Alameda*,
  No. 08-3137, 2014 U.S. District LEXIS 100227 (N.D. Cal. July 22, 2014) ......................... 4, 8

## I. INTRODUCTION

In an attempt to defeat Samba's Motion to Review the Clerk's Order Taxing Costs and to Stay Enforcement of those Costs ("Samba's Motion"), Alphonso's Opposition mischaracterizes the nature of the costs it is seeking and Samba's conduct in this litigation.

With respect to specific costs, Alphonso fails to address dispositive Ninth Circuit precedent and makes unsupported assertions about the services provided under vague billing descriptions that are contrary to the available evidence. Alphonso further obfuscates the taxability of the costs it is seeking by citing to case law allowing for seemingly similar, but in fact very different, types of costs.

As for Samba's conduct during this litigation, there is no legitimate question that Samba has litigated in good faith. Alphonso's assertions to the contrary are without merit.

For all the reasons identified in Samba's Motion and as further described below, the disputed costs Alphonso is seeking should be disallowed. Alternatively, the Court may choose to exercise its discretion to deny all of Alphonso's costs. And, in the event that all or some of Alphonso's costs are allowed, the Court should issue a stay pending resolution of at least Samba's Rule 59(e) Motion.

## II. ARGUMENT

### A. Alphonso Fails to Address Ninth Circuit Precedent Holding that the Costs for Video Services Sought by Alphonso Are Not Taxable

#### 1. Alphonso's Unsubstantiated Assertions Neither Support Nor Explain How Unspecified "Video Services" are Necessary and Taxable

Alphonso relies on unsubstantiated assertions that neither support nor explain how unspecified "Video Services" incurred for the depositions of Messrs. Bakewell and Zatkovich are necessary and taxable. Because neither Samba nor this Court are able to ascertain what "Video Services" encompass these costs should be disallowed. Alphonso has put forward no evidence in either its Revised Bill of Costs (ECF No. 393) or in its Opposition that details the specific costs included as part of "Video Services." Rather, Alphonso asserts, without any supporting evidence, that "'Video Services' includes video-related fees, such as synchronization." Opp. at 2:28-3:1. But

Alphonso fails to explain precisely what those other "video-related fees" are as required by Local Rule 54-1(a). *See Cooper v. United Air Lines, Inc.*, No. 13-cv-02870, 2015 U.S. Dist. LEXIS 73370, *3 (N.D. Cal. June 5, 2015) ("Specifically, the Local Rules require a party's bill of costs to 'state separately and specifically each item of taxable costs claimed.'") (quoting Civil Local Rule 54-1(a)). This failure is significant because not all "video-related fees" are taxable – and the one specific cost – video synchronization – that Alphonso identified as part of "Video Services" is not taxable.

In the Ninth Circuit Court of Appeals case cited by Samba, *Kalitta Air LLC v. Central Texas Airways, Inc.*, the Court held that "deposition editing and synchronizing are not authorized by § 1920." *Kalitta*, 741 F.3d 955, 958 (9th Cir. 2013).

Alphonso fails to address this dispositive Ninth Circuit precedent. The holding in *Kalitta* by the Ninth Circuit supersedes the earlier district court case law allowing recovery of synchronized video costs cited by Alphonso. In fact, Alphonso cites to *Vectren Commc'ns Servs. v. City of Alameda*, No. 08-3137, 2014 U.S. District LEXIS 100227 (N.D. Cal. July 22, 2014) for the proposition that costs for expedited delivery maybe taxed under certain circumstances (Opp. at 3:13-16) but ignores the *Vectren* court's additional holding based on *Kalitta* that "charges for synchronizing videotaped deposition testimony are not recoverable." *Vectren*, 2014 U.S. LEXIS 100227 at *21. Moreover, during the parties' meet and confer on February 1, 2019, counsel for Samba objected to more than two dozen cost entries associated with "Video Synching" or "Videosynch" and informed counsel for Alphonso of the holding in *Kalitta*. Nelson Decl. ¶ 4. *See also* ECF No. 373-2 at 46 (Abhyanker #021017-481561); 56 (Beotra #21291); 37 (Chordia Vol. I #17962); 40 (Chordia Vol. II #17964); 57 (Chordia Vol. III #21292); 13 (Harrison Vol. I #072717-602986); 15 (Harrison Vol. II #072817-602990); 58 (Harvey #21166); 7 (Kalampoukas Vol. I #17743); 8 (Kalampoukas Vol. II #17754); 28 (Kodige Vol. I #17929); 31 (Kodige Vol. II #17931); 45 (Langstroth #042518-651233); 18 (Mercede #17857); 10 (Moose #17797); 60 (Napper #21383); 42 (Navin, Alvir #082517-352163); 25 (Navin, Ashwin Vol. I #082917-351481); 27 (Navin, Ashwin Vol. II #083017-351484); 4 (Shamos Vol. I #010517-463160); 59 (Shamos Vol. II #21237); 30 (Tang #090717-351487); 39 (Wolff #091217-351985); 43 (Zachariah

#18025); 33 (Zaman #083117-351676); 35 (Zennadi #090617-351679); at 54 (Bakewell #SF3534829); at 55 (Zatkovich #SF3534811). Tellingly, in its revised versions of its Bill of Costs and Exhibit A to its Bill of Costs Alphonso had removed twenty-six entries for "Video Synching" or "Videosynch." *Compare* ECF No. 373-2 at 2 (Exhibit A Invoice Ledger) *with* ECF No. 393-2 at 2 (Exhibit A Invoice Ledger).

Nevertheless, in Alphonso's Revised Bill of Costs, Alphonso continued to seek costs associated with "Video Services" for the depositions of Messrs. Bakewell and Zatkovich. However, these costs are considerably greater than other videotaped deposition services, including synchronization and expedited processing fees that Alphonso had removed from its Revised Bill of Costs. For example, in its original Bill of Costs, Alphonso sought recovery of video costs for the deposition of John Gee including $126.60 for "Video Transcript Rate" (ECF No. 373-2 at 16) – which Alphonso asserts in its Opposition means video synchronization (Opp. at 3:1-3) – and an additional $695 for "Video Synching" (ECF No. 373-2 at 19) for a total of $821.60. This total is far less than the over $2,000 sought by Alphonso for "Video Services" for each of the depositions of Messrs. Bakewell and Zatkovich. Although Alphonso did not seek recovery of the expedited processing cost for Mr. Gee's deposition, even if this $701.57 cost were included, the total of $15,23.17 is more than $500 less than the "Video Services" cost for each of the depositions of Messrs. Bakewell and Zatkovich.

Once again, neither Samba nor this Court has any way to determine the reason for the cost discrepancy between the video depositions of Messrs. Bakewell and Zatkovich and seemingly similar video depositions that also include costs for video synchronization and expedited processing. Unlike the invoices for all the other videotape deposition costs, the Bakewell and Zatkovich video deposition invoices do not break out the included services. Thus, Alphonso's criticism that "Samba speculates, with no evidentiary support, that Video Services may have included fees for expedited delivery" (Opp. at 3:12-13) is precisely on point. "Video Services" may include expedited processing and it may not; "Video Services" may include synchronization and it may not. In short, Alphonso has failed to meet its burden to establish what "Video Services" did include was both necessary and taxable. Consequently, the costs for "Video Services" should

be disallowed.

### 2. Alphonso Fails to Explain Why It Should Recover Costs for Extra Deposition Transcripts Beyond the Original and One Copy Permitted by Local Rule 54-3(c)(1)

Alphonso's opposition never substantively addresses Samba's showing that for seven[1] depositions, Alphonso is seeking costs for an additional "Video Transcript," listed under the billing code "Video Transcript Rate," beyond the original and one copy permitted by Local Rule 54-3(c)(1). Alphonso does not deny that for each of these depositions Alphonso also received "1 CERTIFIED PAPER & ELECTRONIC FINAL TRANSCRIPT" which constitutes the original and one copy for which costs may be recovered under the Local Rule. Rather, Alphonso ostensibly asserts that these costs are not for a transcript at all but are for costs associated with synchronization of the video to the deposition transcript. *See* Opp. at 3:1-3.

However, Alphonso's assertion that "Video Transcript Rate" includes video synchronization is doubtful given that many of the video deposition invoices list "Video Transcript Rate" separately from "Video Synching". *See, e.g.*, ECF No. 373-2 at 16 ("Video Transcript Rate" cost entry for Gee) and *id.* at 19 ("Video Synching" cost entry for Gee); ECF No. 373-2 at 6 ("Video Transcript Rate" cost entry for Kalampoukas Vol. I) and *id.* at 7 ("Video Synching" cost entry for Kalampoukas Vol. I); ECF No. 373-2 at 8 ("Video Synching" cost entry for Kalampoukas Vol. II) and *id.* at 9 ("Video Transcript Rate" cost entry for Kalampoukas Vol. II); ECF No. 373-2 at 10 ("Video Synching" cost entry for Moose) and *id.* at 11 ("Video Transcript Rate" cost entry for Moose); ECF No. 373-2 at 17 ("Video Transcript Rate" cost entry for Mercede) and *id.* at 18 ("Video Synching" cost entry for Mercede); ECF No. 373-2 at 20 ("Video Transcript Rate" cost entry for Kodige Vol. I) and *id.* at 28 ("Video Synching" cost entry for Kodige Vol. I); ECF No. 373-2 at 21 ("Video Transcript Rate" cost entry for Kodige Vol. II) and *id.* at 31 ("Video

---

[1] Samba's Motion incorrectly identified Alphonso as seeking costs for a third transcript under the billing code "Video Transcript Rate" for the Volume I deposition of Lampros Kalampoukas. *See* ECF No. 402 (Samba's Motion for Review) at 4-5. However, Alphonso's Revised Bill of Costs does not seek costs for the "Video Transcript Rate" entry for this deposition. *See* ECF 393-2 (Alphonso's Revised Bill of Costs, Exhibit A) at 5.

1  Synching" cost entry for Kodige Vol. II); ECF No. 373-2 at 22 ("Video Transcript Rate" cost entry
2  for Chordia Vol. I) and *id.* at 37 ("Video Synching" cost entry for Chordia Vol. I); ECF No. 373-
3  36 ("Video Transcript Rate" for Zachariah) and *id.* at 43 ("Video Synching" cost entry for
4  Zachariah); ECF No. 373-2 at 40 ("Video Synching" cost entry for Chordia Vol. II) and *id.* at 23
5  ("Video Transcript Rate" cost entry for Chordia Vol. II); ECF No. 373-2 at 51 ("Video Transcript
6  Rate" cost entry for Beotra) and *id.* at 56 ("Video Synching" cost entry for Beotra); ECF No. 373-
7  2 at 52 ("Video Transcript Rate" cost entry for Chordia Vol. III) and *id.* at 57 ("Video Synching"
8  cost entry for Chordia Vol. III); ECF No. 373-2 at 53 ("Video Transcript Rate" cost entry for
9  Napper) and *id.* at ECF No. 373-2 at 60 ("Video Synching" cost entry for Napper); ECF No. 373-
10 2 at 48 ("Video Transcript Rate" cost entry for Shamos) and *id.* at 59 ("Video Synching" cost entry
11 for Shamos).

12       The differing amounts between "Video Transcript Rate" and "Video Synching" as well as
13 the separate billing entries for the same deposition strongly indicates that the "Video Transcript
14 Rate" entry is for a transcript. Moreover, the billing entry "Video Transcript Rate" includes the
15 number of pages of the transcript which matches the number of pages listed on the invoice for the
16 "1 Certified Paper & Electronic Final Transcript." *See* ECF No. 393-2 at 6 (Kalampoukas Vol. II
17 "Video Transcript Rate 319.00 Pages"); *id.* at 12 (Kodige Vol. I "Video Transcript Rate 269.00
18 Pages"); *id.* at 13 (Kodige Vol. II "Video Transcript Rate 353.00 Pages"); *id.* at 14 (Chordia Vol.
19 I "Video Transcript Rate 323.00 Pages"); *id.* at 15 (Chorida Vol. II "Video Transcript Rate 250.00
20 Pages"); *id.* at 21 (Zachariah "Video Transcript Rate 185.00 Pages"); *id.* at 30 (Chordia Vol. III
21 "Video Transcript Rate 206.00 Pages"). The available evidence establishes that "Video Transcript
22 Rate" is a third transcript that is not recoverable under the Local Rules.

23       Even assuming that Alphonso's characterization is correct, these costs are not recoverable
24 under *Kalitta* as discussed above. Samba has included the $1,143.00 in expenses related to these
25 additional video transcripts ("Video Transcript Rate) in the "Amount of Disallowed Costs"
26 (Column D) of Revised Exhibit 3 (Costs Related to Additional Copies of Depositions) and these
27 disallowed costs should be subtracted from any costs taxed to Samba.

28

**PLAINTIFF'S REPLY**        7        **CASE NO. 3:17-CV-02107-RS**

**B.  Alphonso Fails to Establish that the Convenience Services of Making Searchable and Hyperlinked Deposition Exhibits is Necessary and Taxable**

Alphonso's assertion that it should be able to recover costs associated with hyperlinking exhibits based on cases that allow recovery of costs for electronic scanning ignores that electronic scanning is different from hyperlinking. Both *Vectren Commc'ns Servs. v. City of Alameda*, No. 08-3137, 2014 U.S. District LEXIS 100227 at *11-12 (N.D. Cal. July 22, 2014) and *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 U.S. Dist. LEXIS 7403 at *13 (N.D. Cal. Jan. 23, 2012) involved "electronic scanning of exhibits." In fact, the court in *City of Alameda* specifically relied on Local Rule 54-3(c)(3) allowing recovery for the reproduction of deposition exhibits. Hyperlinking and searchability, by contrast, is not reproduction of the deposition exhibit. Rather, it is an enhancement done for the convenince of counsel and thus, is not necessary and taxable. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 929-30 (9th Cir. 2015) ("However, if the faxed copy was created solely for the convenience of counsel, the cost of making the copy would not be taxable . . . A narrow construction of § 1920(4) requires recognition that the circumstances in which a copy will be deemed 'necessarily obtained' for use in a case will be ***extremely limited***.") (emphasis added).

When presented with the specific costs of hyperlinking and searchability, Courts have denied those costs. *See Dig. Reg of Tex., LLC v. Adobe Sys.*, No. 4:12-cv-01971-CW, ECF No. 829 at 2 (N.D. Cal. May 20, 2015) (finding that "hyperlinking [deposition transcripts] is not taxable"); *Glazer v. Whirlpool Corp.*, No. 1:08-WP-65000, 2015 U.S. Dist. LEXIS 193975, *15-16 (N.D. Ohio Feb. 18, 2015) (denying costs associated with creating hyperlinked and navigable deposition transcripts); *EEOC v. Ford Motor Co.*, No. 11-13742, 2012 U.S. Dist. LEXIS 168383, *3 (E.D. Mich. Nov. 28, 2012) ("certain 'extras' such as 'hyperlinked exhibits on CD' and tabbing exhibits are done for the convenience of counsel and are not necessary.") *Keurig, Inc. v. JBR, Inc.*, No. 11-11941-FDS, 2014 U.S. Dist. LEXIS 69631, at *8 (D. Mass. May 21, 2014) (denying costs for "linked or searchable exhibits" because they "do not fall under any of the categories listed in §1920"). The costs related to enhancing deposition exhibits to make them hyperlinked and electronically searchable were merely for the convenience of counsel and should be disallowed.

### C. Alphonso Fails to Establish that There Are Insufficient Grounds for the Court to Exercise Its Discretion to Deny Costs

Alphonso's opposition to Samba's request that the Court exercise its discretion to deny costs is predicated on two false premises: 1) that Samba's two grounds on which the Court may exercise its discretion are necessarily insufficient; and 2) that there is a legitimate question regarding Samba's good faith conduct during this litigation.

First, with respect to the grounds for denying costs, in *Champion Produce, Inc. v. Ruby Robinson Co.*, the Ninth Circuit listed several reasons for which a Court may exercise its discretion to deny costs. *Champion Produce*, 342 F.3d 1016, 1022 (9th Cir. 2003). These are examples of some of the specific reasons a Court may give when exercising its discretion to deny costs. However, nowhere in *Champion Produce* does the Ninth Circuit require all or some threshold number of those reasons to be met. Samba has demonstrated why two of these reasons – 1) the difficulty and closeness of the issues and 2) the litigation was hard-fought and conducted in good faith – are applicable to this case. Alphonso's argument that denying costs on those grounds would create a slippery slope ultimately resulting in a system in which "no prevailing party would ever be entitled to costs" (Opp. at 5:18-19) is of no relevance here. Rather, the question is whether **Samba** has shown that it has met these two reasons cited by the Ninth Circuit as justifying an exercise of discretion to deny costs and whether this Court, in *this* case, finds those reasons sufficient.

Second, contrary to Alphonso's assertion, there is no serious question that Samba has litigated this case in good faith. As described in detail in Samba's Opposition to Alphonso's Motion for Attorneys' Fees and Costs (ECF No. 389-4), Alphonso failed to identify any basis sufficient to award attorneys' fees. Alphonso never contends that Samba failed to perform a reasonable pre-suit investigation. Alphonso never contends that Samba engaged in litigation misconduct. Alphonso never contends that Samba advanced infringement theories that are irreconcilable with the Court's claim construction. Alphonso never contends that Samba knowingly litigated a patent where the applicants had committed inequitable conduct or withheld prior art from the patent office. Alphonso never contends that Samba pursued infringement claims

PLAINTIFF'S REPLY                           9                           CASE NO. 3:17-CV-02107-RS

as to a patent it knew was invalid. Rather, the conduct Alphonso alleges demonstrates lack of good faith is a Court-approved amendment of infringement contentions and the advancement of a legitimate infringement theory that ultimately failed during dispositive motion practice. This conduct is evidence of a hard-fought case that presented close, difficult issues. It is not evidence of a lack of good faith.

Under these circumstances, it would be equitable for the Court to exercise its discretion to deny costs in whole or in part.

### D. Alphonso Fails to Establish that a Stay of Costs is Not Warranted

Alphonso seeks costs in this case before the Court has ruled on Samba's Rule 59(e) Motion. Regardless of Samba's Notice of Appeal to the Federal Circuit (ECF No. 378), requiring Samba to pay costs before the Court has decided this final issue of the case would be premature. First, Samba's Rule 59(e) Motion presents several strong grounds for the Court to reconsider its Judgment and allows Samba to present significant portions of its case to a jury. Second, Alphonso would not be substantially injured by a stay until resolution of the Rule 59(e) Motion. The Rule 59(e) Motion has been pending since January 25, 2019 and a decision could be issued at any time. As that decision could re-open substantial parts of the case, allowing Alphonso to enjoy the benefits of receiving payment before resolution of the entirety of the case would be inequitable. Thus, Samba respectfully requests that the Court stay enforcement of costs without the requirement that Samba post a bond pending resolution of at least the Rule 59(e) Motion.

## III. CONCLUSION

For the reasons explained above, to the extent costs are taxed at all, Samba should be taxed with no more than $44,265.26 (the amount left after subtracting the at least $17,449.35 of disallowed costs from Alphonso's requested amount of $61,714.61).

Dated: April 17, 2019                Respectfully submitted

/s/     William P. Nelson
Matthew D. Powers (Bar No. 104795)
Paul T. Ehrlich (Bar No. 228543)

PLAINTIFF'S REPLY                10                CASE NO. 3:17-CV-02107-RS

William P. Nelson (Bar No. 196091)
Stefani C. Smith (Bar No. 251305)
Jennifer K. Robinson (Bar No. 270954)
Samantha A. Jameson (Bar. No. 296411)
Natasha M. Saputo (Bar No. 291151)
Wanli Chen (Bar No. 300254)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:    (650) 802-6000
Facsimile:    (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
stefani.smith@tensegritylawgroup.com
jen.robinson@tensegritylawgroup.com
samantha.jameson@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
wanli.chen@tensegritylawgroup.com
samba_service@tensegritylawgroup.com

*Attorneys for Plaintiff,*
*Free Stream Media Corp. d/b/a Samba TV*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 17, 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will issue an electronic notification of filing to all counsel of record.

*/s/ William P. Nelson*
William P. Nelson