UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREE STREAM MEDIA CORP.,

Plaintiff,

v.

ALPHONSO INC., et al.,

Defendants.

Case No. 17-cv-02107-RS

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT; DENYING MOTION FOR ATTORNEY FEES, AND; GRANTING MOTION FOR REVIEW OF TAXATION OF COSTS**

Plaintiff Free Stream Media Corp., which does business as "Samba," moves pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the judgment entered in favor of Defendants Alphonso Inc., Ashish Chordia, Raghu Kodige, and Lampros Kalampoukas (collectively, "defendants" or "Alphonso") following the grant of Alphonso's motion for summary judgment. Alphonso, in turn, moves for an award of attorney fees, contending this is an "exceptional case," within the meaning of 35 U.S.C. § 285. Both motions have been submitted without oral argument pursuant to Civil Local Rule 7-1(b), and both motions will be denied. Samba's motion to review the costs taxed against it will be granted.

1. Motion to alter or amend judgment

A Rule 59(e) motion is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir.

2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted). A court may grant a Rule 59(e) motion only if "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (citation omitted).

Here, Samba contends the order granting summary judgment of non-infringement (Dkt. No. 371 (the "Order")) is premised on three "manifest errors of law or fact" that require reconsideration under Rule 59(e). None of the three arguments Samba advances warrant a different judgment.

a. Visio data

Samba agues the Order fails to apply the appropriate legal standard explicated in *Akamai Techs., Inc. v. Limelight Networks, Inc.* ("*Akamai V*"), 797 F.3d 1020 (Fed. Cir. 2015), a case Samba first invoked at the hearing on the motion for summary judgment. As Samba points out, *Akamai V* explains that "[w]hether a single actor directed or controlled the acts of one or more third parties is a question of fact", and "an actor is liable for infringement under § 271(a) if it . . . contracts with another to perform one or more steps of a claimed method."

The Order noted it is not self-evident that precedent and analysis in the context of *method* claims necessarily apply without modification to the *system* claims at issue here.[1] Even assuming the analysis should be identical, however, the Order is consistent with the *Akamai V* holding.

---

[1] Alphonso has not asserted infringement of the one independent method claim of the patent (Claim 14) or of its dependent claims (Claims 15-17).

Samba insists that 'the *Akamai V* framework does not require a contract (like the Alphonso/Vizio agreement) to mandate how a third party like Vizio will perform a function to establish the direct infringement of the contracting party." Patents, however, do not give patent holders exclusive rights over *results.* Rather, patents protect only specific systems, methods, and their equivalents. A party achieving the same outcome that flows from a patented method or system is not liable for infringement unless he or she has practiced the patented claims to achieve that result.

    The contracts between the alleged infringer and its customers in *Akamai V* conditioned the customers' access to the purported infringers' services "upon their performance of the method steps." 797 F.3d at 1025. Here, in contrast, the Order concluded the record supported no triable issue of fact that the contract between Alphonso and Vizio required Vizio to collect the data utilizing elements of the system claimed in the patent. In the present motion, Samba suggests contractual details regarding the data Vizio was to provide support an inference that it *must* have used a system meeting the claim elements in dispute. Samba did not show, however, that Vizio was under any contractual obligation to practice any element of the patent, unlike the customers in the *Akamai V.* case. Although Samba now points to express contract terms that arguably come closer to showing the parties understood Vizio was collecting data in ways that implicate the patent, it has still not established a triable issue of fact that Samba might be liable for contracting with Vizio. Even assuming a party cannot avoid infringement of a system claim where it contracts with another party to operate part of the system, defendants' mere purchase of specified viewing data from Vizio does not represent such a situation.

    Moreover, even if Samba could show there is a triable issue of fact as to whether defendants' acquisition of data from Vizio satisfies certain claim elements, it would not be entitled to a change in the judgment. See Order at 11:20-12:2 ("Accordingly, Alphonso is entitled to summary judgment of non-infringement, not limited as to any particular source from which it acquired viewing data.")

    Finally, Samba contends the non-infringement finding with respect to the Vizio data collection issue should not apply to Claims 10, 13, 18, and 20, none of which "comprise" a

television, unlike Claim 1. The order, however, relied on the effectively unchallenged assertion that Claim 10 was representative for all purposes material to the analysis, and that any differences in wording among the claims were not dispositive. The distinction Samba now seeks to draw, even if not waived, is not persuasive. While Claims 10, 13, 18, and 20 may not "comprise" a television, their preambles include the limitation of "[a] relevancy-matching server communicatively coupled with a television." The order expressly addressed Claim 10. The finding of non-infringement did not depend on any language that the system "comprised" a television. There is no basis to exclude Claims 10, 13, 18, and 20 from the analysis now.

### b. The "Beeswax" bidding system

While Samba does not concede the Order correctly found that defendants' human employees, rather than any "relevancy matching server" performs the "matching" function described in the claims, the present motion only challenges an alleged failure of the Order to consider Samba's "third, independent theory of infringement," *i.e.*, that the operation of the Beeswax bidding server alone satisfies the claim limitations. Samba is correct that the Order does not include explicit or detailed discussion of its "Beeswax- only" infringement theory. Samba, however, does not quarrel with the Order's description of how Beeswax operates. In the context of that discussion, the order makes clear that Samba's infringement theories—including the "Beeswax- only" argument—were found not to be persuasive. Samba has not shown that the supposed "matching" function performed by Beeswax meets the claims, and has not met the standard for reconsideration under Rule 59(e). Samba's motion is denied.

### c. Mobile devices

As an alternative, and independent, basis for summary judgment, the Order found that "[a]dvertising from the Samba (*sic*, Alphonso) platform will never be delivered to a consumer's phone unless and until that phone issues a bid request." Accordingly, Alphonso could not be liable for "put[ting] the claimed invention into service." *Centillion Data Sys., LLC v. Qwest*

*Communications Int'l*, 631 28 F.3d 1279, 1284 (Fed. Cir. 2011).

Drawing distinctions among claims that it failed to point out in the underlying motion, Samba now argues claims 10, 13 and 18 do not require "use" of a mobile device. The order's conclusion, however, was based on the fact that the parties were treating claim 10 as representative. While claims 10, 13 and 18 may not "comprise" a mobile device, they expressly call for a mobile device to function in conjunction with other claim elements. The finding of non-infringement did not depend on any language that the system "comprised" a mobile device. There is no basis to exclude Claims 10, 13, and 18 from the analysis now.

2. Motion for attorney fees

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Attorney fees are warranted in "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014). An "exceptional" case "stands out from the others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. at 554. The party seeking fees must show its entitlement to fees under a preponderance-of-the-evidence standard. *Id*. at 557–58. Whether a case is exceptional is determined on a case-by-case basis "considering the totality of the circumstances." *Id*. at 554. Factors to consider include, among others, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 554 n.6 (internal quotation marks and citation omitted). A court need not find bad faith in order to award attorney fees; "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine run cases to warrant a fee award." *Id*. at 555. "'There is no precise rule or formula for making these

determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id*. at 554 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534(1994).

Here, defendants have not over-reached, in that they do not seek fees for the entirety of the case, but instead only for the period after September 15, 2017, when Samba proffered new infringement contentions at the close of fact discovery. Defendants point to language in the Order that "[b]y no stretch" could the operation of the accused technology be considered to practice aspects of the claims in issue. Defendants also cite to an observation in the order granting summary judgment that Samba's revised infringement contentions and evidence at the summary judgment phase left open significant questions as to patentability under Section 101.

That said, defendants have not shown this to be an "exceptional case," even after September of 2017. The record supports no inference of subjective bad faith. Whatever inferences might be drawn as to Samba's motivations, the claims simply do not rise to a level of "exceptionally meritless" that would warrant a fee award.  Defendants' motion is denied.

3.  Taxation of costs

Samba challenges $17,449.35 out of the $61,714.61 in costs that were taxed against it. Samba's request that costs be stayed pending disposition of its Rule 59(e) motion is moot. To the extent Samba moves for costs to be disallowed completely, the motion is denied. Samba's request to disallow an additional $17,449.35 is granted. Defendants have not adequately shown those costs, peripheral to depositions, are recoverable.[2]

---

[2] Good cause appearing, the sealing requests associated with these motions (Dkt. Nos. 374, 379, 386, 389, 394) are granted.

1  **IT IS SO ORDERED**.

3  Dated: June 3, 2019

_____
RICHARD SEEBORG
United States District Judge